**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LEAH LIAPPES, on behalf of herself and others similarly situated Plaintiffs, | : <br> : CIVIL ACTION NO.: <br> : |
| v. | : 3:21-cv-01284-VAB <br> : |
| FUN IN TRAMPOLINE PARK, LLC and YAO ZHENG, HE LIN, QING QI LIN, and MEIXI ZHENG | : <br> : <br> : <br> : |
| Defendants. | : April 6, 2023 <br> : |

**CLASS ACTION COMPLAINT**

I. **PRELIMINARY STATEMENT:**

1. Employers must pay their employees for all hours worked in a given work week and one and one half times their regular rate of pay for more than forty (40) hours in a work week. Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"); Conn. Gen. Stat. §§31-68, *et seq.* ("CWA").

2. Plaintiff, and other similarly situated employees work or worked for Defendant, Fun In Trampoline Park, LLC, a recreational and amusement company located in Middletown, Connecticut.

3. Pursuant to company-wide policies and procedures, Defendants failed to pay Plaintiff, and other similarly situated employees, the mandated state and federal wages, including but not limited to minimum wage, for all hours worked and overtime for all hours worked over 40 in a single workweek.

4. Specifically, Defendants utilized a timeclock rounding policy, procedure, and practice in such a manner that it resulted in, over a period of time, the failure to compensate its employees for all hours worked, including overtime.

5. Defendants' systematic violations of state and federal wage laws was willful.

6. As a result, Defendants unlawfully retained wages that were due to Plaintiff and the putative class.

**II. JURISDICTION AND VENUE**

7. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331.

8. The Court has jurisdiction over Plaintiff's Connecticut Minimum Wage Act claims pursuant to 28 U.S.C. §1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

9. Venue is proper in this district under 28 U.S.C. §1391 because the acts or omissions giving rise to the claims in the complaint took place in this district.

**III. LEGAL PRINCIPLES**

10. Employers must pay their employees for all hours worked in a given work week and one- and one-half times their regular rate of pay for more than forty (40) hours in a work week. Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"); Conn. Gen. Stat. §§31-68, *et seq.* ("CWA").

11. The FLSA and CWA permit employers to utilize timeclock round procedures.

12. The CWA and Connecticut Regulation 31-60-11 requires that working time, in every instance, be computed to the nearest unit of 15 minutes.

13. The FLSA requires that timeclock rounding practices do not result, in any period of time, in a failure to count as hours worked all the time the employees have actually worked.

14. Under the FLSA "Employer" includes any person[1] acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. §203(d).

15. Under the CWA "Employer means any owner or any person…corporation, limited liability company or association of persons acting directly as, or on behalf of, or in the interest of an employer in relation to employees…" Conn. Gen. Stat. §31-58(d).

**IV.   PARTIES**

16. Plaintiff Leah Liappes ("Plaintiff" or "Liappes") is an individual residing in Middletown, Connecticut. At all times relevant to this Complaint, Liappes was an "employee" of Defendants as that term is defined in the FLSA and CWA.

17. Defendant, Fun In Trampoline Park, LLC is a Connecticut limited liability company, headquartered in Middletown, Connecticut, and is a company engaged in the amusement and recreation industry.

18. Defendant, Yao Zheng, is an individual residing in Portland, Connecticut and, upon information and belief, is the General Manager of Fun In Trampoline Park, LLC.

19. Defendant, Yao Zheng, at all times relevant, was the General Manager of Fun In Trampoline Park, LLC, and at all times relevant hereto acted as, or on behalf of, or in the interest of Defendant Fun In Trampoline Park, LLC in relation to Liappes and the putative class.

---

[1] The FLSA defines "person" to include corporations or other business entities. 29 U.S.C. §203(a).

20. Defendant He Lin is an individual residing in Middletown, Connecticut and is an owner and managing member of Fun In Trampoline Park, LLC.

21. Defendant He Lin at all relevant times is or was a member of Defendant Fun In Trampoline Park, LLC, and at all times hereto acted as, or on behalf of, or in the interest of Defendant Fun In Trampoline Park, LLC in relation to Liappes and the putative class;

22. Defendant, Qing Qi Lin is an individual residing in Berlin, Connecticut and is an owner and member of Fun In Trampoline Park, LLC

23. Defendant Qing Qi Lin at all relevant times is or was a member of Defendant Fun In Trampoline Park, LLC and at all times relevant hereto act as, or on behalf of, or in the interest of Fun In Trampoline Park, LLC in relation to Liappes and the putative class.

24. Defendant Meixi Zheng is an individual residing in Portland, Connecticut and is an owner and member of Fun In Trampoline Park, LLC.

25. Defendant Meixi Zheng at all relevant times is or was a member of Defendant Fun In Trampoline Park, LLC and at all times hereto acted as, on behalf of, or in the interest of Fun In Trampoline, Park, LLC in relation to Liappes and the putative class.

V.   **FACTUAL BACKGROUND**

26. Defendant Fun In Trampoline Park, LLC provides amusement and recreational activities to individuals of all ages.

27. Defendants hired Liappes as a cashier on or about August 8, 2019.

28.     Defendants utilize a computerized system which tracks the exact time (by the second) an hourly employee clocks in and clocks out of work.

29.     Even though Defendants maintain a system which records, to the second, the time an employee clocks in and clocks out, Defendants utilize a rounding system in computing payroll which rounds employees' time. According to the Defendants' rounding policy, rounded times are calculated to the nearest 15-minute interval. However, clock in times are routinely rounded up and clock out times are routinely rounded down, contrary to law (29 C.F.R. Section 785.48) and never benefiting the employee, always benefiting the employer. As used, the Defendants' rounding policy results in a failure to compensate employees properly for all the time they have actually worked, contrary to law.

30.     For example, an employee who clocks in ("Clocking In") and begins work at 09:45:09 a.m. will be treated by Defendants' payroll system to have clocked in at 10:00:00 a.m.

31.     Accordingly, at the beginning of an employee's shift, Defendants' rounding system with regard to Clocking In is rigged in favor of Defendant because the rounding which occurs at the beginning of their shift decreases the amount of compensable time Defendants pay their employees.

32.     Contrarily, the Defendants practice a different procedure with regard to when employees clock out ("Clocking Out"): by way of example, an employee who clocks out at 06:39:43 p.m. will be treated by Defendants' payroll system to have clock out at 06:30:00 p.m.

5

33. Accordingly, at the end of an employee's shift, Defendants' rounding system is rigged in favor of Defendants, rounding an employee's time worked up when Clocking In and rounding an employee's time worked down when Clocking Out. This system always decreases the amount of compensable time Defendants pay their employees, and results in a failure to compensate the employees properly for all the time they have actually worked.

34. In sum, Defendants' time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate their employees properly for all time they actually worked, including regular and overtime wages.

35. Defendants have no good faith basis to use such a rigged rounding system as their timeclocks record the actual clock in and clock out time to the exact second that an employee clocks in and out. Defendants have complete and actual knowledge of all hours worked by Plaintiff and similarly situated employees.

36. Defendants' failure to pay this unpaid time has resulted in Plaintiff and all similarly situated employees being regularly denied proper compensation under the FLSA and the CWA, including minimum wage for all hours worked, and/or overtime wages for all overtime, for which they were not compensated.

VI. **CLASS AND COLLECTIVE ALLEGATIONS**

    a. **The FLSA Collective**

37. Plaintiff brings this action on behalf of herself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies, and/or procedures of Defendants, as described herein.

38. In addition, and in the alternative, Plaintiff brings this action in her individual and personal capacities, separate and apart from the class claims set forth herein.

39. The FLSA class is defined as follows:

> All current and former employees of Defendants who were employed as hourly non-exempt, and were subject to Defendants' time-clock rounding policy, from April 6, 2020 through the date of final judgment in this matter.

40. Plaintiff sues on behalf of herself and those members of the FLSA class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. 216(b), sometimes referred to as an "opt-in class action," in that Plaintiff and the members of the putative class are similarly situated.

41. Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by engaging in unlawful timeclock rounding which has resulted in failing to pay Plaintiff, and other similarly situated employees and former employees in accordance with the provisions of the FLSA.

   **b. The Connecticut Rule 23 Class:**

42. Plaintiff also sues on behalf of herself and all other members of the Connecticut Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43. The Connecticut Rule 23 Class is defined as follows:

> All current and former employees of Defendants who were employed as hourly, non-exempt, and were subject to Defendants' time-clock rounding policy, from April 6, 2021 through the date of final judgment in this matter.

44. Class certification for these Connecticut Law claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all requirements of the Rules are met.

45. The class is so numerous that joining of all members is impractical. On information and belief, there have been more than 50 hourly employees who utilize and utilized the Defendants' timeclock to clock in and out and were employed by Defendants in Connecticut during the time period of the claim.

46. There are questions of law and fact common to the class, including whether the putative class members worked hours for which they were not compensated minimum wage, at their regular rate and/or overtime rate of pay in violation of Connecticut law, and whether Defendants' conduct was willful.

47. The claims of Plaintiff are typical of those of the class members. The claims of Plaintiff encompass the challenged practices and course of conduct of Defendants. Furthermore, the claims of Plaintiff are based on the same legal theories as the claims of the putative class members. The legal issues as to Defendants' alleged violations of the Connecticut wage laws applies equally to Plaintiff and to the class.

48. Plaintiff will fairly and adequately protect the interests of the class. The claims of Plaintiff are not antagonistic to those of the putative class, and she has hired skilled counsel in the prosecution of class actions.

49. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## VII. COUNT ONE: VIOLATION OF FLSA DUE TO DEFENDANTS' UNLAWFUL TIME-CLOCK ROUNDING POLICY

50. Plaintiff realleges paragraph 1-49 as if fully set forth herein.

51. Defendants violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates, including minimum wage and overtime, for all hours worked in a workweek.

52. Defendants' timeclock rounding policy was rigged in favor of Defendants, resulting in failure to compensate employees properly for all the time they actually worked, and willfully designed to fail to properly pay their hourly employees for all hours actually worked in violation of 29 U.S.C 206, *et seq.* and/or other applicable law.

## VIII. COUNT TWO: VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT, C.G.S. §31-68, *et seq.*

52. Plaintiff realleges paragraph 1-48 as if fully set forth herein.

53. Defendants violated the CWA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates, including minimum wage and overtime, for all hours worked in a workweek.

54. Defendants' timeclock rounding policy was rigged in favor of Defendants, resulting in failure to compensate employees properly for all the time they actually worked, and willfully designed to fail to properly pay their hourly employees for all hours worked in violation of C.G.S. §31-68, *et. seq.* and/or other applicable law.

## IX.     PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court grant the following relief:

1. A declaratory judgment that Defendants willfully violated the wage and overtime payment requirements under the FLSA and CWA in the manner complained of herein.

2. In the alternative, a declaratory judgment that Defendants' violated the wage and overtime payment requirements under the FLSA and CWA in the manner complained of herein.

3. An order enjoining and permanently restraining the Defendants' from violating the FLSA and CWA;

4. Award the Plaintiff and putative class back pay, including incremental increases and other benefits, plus prejudgment interest thereon;

5. Award the Plaintiff and putative class punitive damages;

6. Award the Plaintiff and putative class liquidated damages pursuant to 29 U.S.C. §216(b);

7. Award the Plaintiff and the putative class interest, reasonable attorney's fees, and costs;

8. Award the Plaintiff and the putative class appropriate equitable relief pursuant to 29 U.S.C. §216(b); and

9. Grant such other and further relief as this Court deems just and proper.

X.   **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a trial by jury on all counts so triable.

                                                        PLAINTIFF,
                                                        LEAH LEAPPES
                                                        By her Attorney,

                                                        By: /s/Jonathan M. Bechtel
                                                        Jonathan M. Bechtel, Esq. (ct29426)
                                                       Stanfield Bechtel Law, LLC
                                                       100 Riverview Center, Suite 130
                                                       Middletown, CT 06457
                                                       jbechtel@stanfieldbechtel.com
                                                       Tel: 860-516-4400 ext. 102
                                                       Fax: 860-516-4401